Scott P. Shaw  (SBN 223592)
SShaw@Merchantgould.com
**MERCHANT & GOULD P.C.**
8383 Wilshire Blvd., Suite 935
Beverly Hills, CA 90211
Telephone: (949) 330-0202

*Counsel for Neven Eyewear, LLC (FL)
and Jonathan Strauss*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRISCT OF CALIFORNIA

| | |
|---|---|
| BLENDERS EYEWEAR, LLC, a Delaware limited liability company, <br><br>    Plaintiff, <br><br>    v. <br><br>LE VENTURES, LLC, a California limited liability company; NEVEN EYEWEAR LLC, a Nevada limited liability company; NEVEN EYEWEAR, LLC, a Florida limited liability company; 37 VENTURES, LLC, a Nevada limited liability company; LE VENTURES HOLDING, INC., a Nevada corporation; Khoi Le, an individual residing in California; Jonathan Strauss, an individual residing in Florida; and DOES 1 through 10, inclusive, <br><br>    Defendants. | Case No. 2:24-cv-00906-KS <br><br><br><br> **NEVEN EYEWEAR, LLC, A FLORIDA LIMITED LIABILITY COMPANY, AND JONATHAN STRAUSS'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS** |

NEVEN EYEWEAR, LLC, A FLORIDA LIMITED LIABILITY COMPANY, AND JONATHAN STRAUSS'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS; Case No. 2:24-cv-00906-KS

1

1
2
NEVEN EYEWEAR, LLC, a Florida
limited liability company,

3
                    Counterclaimant,

4
              v.

5
BLENDERS EYEWEAR, LLC, a
Delaware limited liability company,

6
7
                    Counter-Defendant.

8

9       Defendants Neven Eyewear, LLC, a Florida limited liability company, and

10  Jonathan Strauss (collectively, the "Florida Defendants") file this Answer to Plaintiff

11  Blenders Eyewear, LLC's ("Plaintiff" or "Blenders") First Amended Complaint and

12  Counterclaims.

13                          **GENERAL DENIAL**

14      Except as expressly admitted in this Answer, the Florida Defendants deny

15  each and every allegation set forth in the First Amended Complaint, including

16  without limitation any allegations contained in the preamble, headings, subheadings,

17  or footnotes of the First Amended Complaint, and specifically deny any liability to

18  Plaintiff. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, allegations

19  in the First Amended Complaint to which no responsive pleading is required shall

20  be deemed to be denied. The Florida Defendants expressly reserve the right to seek

21  to amend and supplement their Answer as may be necessary.

22                **RESPONSE TO SPECIFIC ALLEGATIONS**

23      AND NOW, incorporating the foregoing, the Florida Defendants state as

24  follows in response to the specific allegations in each of the numbered paragraphs

25  of Plaintiff's First Amended Complaint:

26
27
28

NEVEN EYEWEAR, LLC, A FLORIDA LIMITED LIABILITY COMPANY, AND JONATHAN
STRAUSS'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS; Case No.
2:24-cv-00906-KS

1.     The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and therefore, denies those allegations.

2.     The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and therefore, denies those allegations.

3.     The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and therefore, denies those allegations.

4.     The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and therefore, denies those allegations.

5.     The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and therefore, denies those allegations.

6.     To the extent paragraph 6 of the Complaint implicates legal conclusions, no response is required. The Florida Defendants deny that it is appropriate to refer to defendants named in this action in a collective manner, as doing so fails to provide defendants with fair notice of the allegations against each individual defendant. The Florida Defendants deny that the Florida Defendants used a 3-D button logo intentionally to create consumer confusion. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6 and therefore, denies those allegations.

7.     The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and therefore, denies those allegations.

NEVEN EYEWEAR, LLC, A FLORIDA LIMITED LIABILITY COMPANY, AND JONATHAN STRAUSS'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS; Case No. 2:24-cv-00906-KS

3

8.     The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and therefore, denies those allegations.

9.     The Florida Defendants deny that it is appropriate to refer to defendants named in this action in a collective manner, as doing so fails to provide defendants with fair notice of the allegations against each individual defendant. The Florida Defendants deny that the Florida Defendants have brazenly copied Blenders' intellectual property and have ignored Blenders' letters demanding that they cease and desist from infringing Blenders' registered trademarks. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 and therefore, denies those allegations.

10.     The Florida Defendants deny the allegations in paragraph 10 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10 and therefore, denies those allegations.

11.     The Florida Defendants deny that it is appropriate to refer to defendants named in this action in a collective manner, as doing so fails to provide defendants with fair notice of the allegations against each individual defendant. The Florida Defendants deny the allegations in paragraph 11 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 and therefore, denies those allegations.

12.     The Florida Defendants deny that it is appropriate to refer to defendants named in this action in a collective manner, as doing so fails to provide defendants with fair notice of the allegations against each individual defendant. The Florida Defendants deny the allegations in paragraph 12 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief

NEVEN EYEWEAR, LLC, A FLORIDA LIMITED LIABILITY COMPANY, AND JONATHAN STRAUSS'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS; Case No. 2:24-cv-00906-KS

4

as to the truth of the remaining allegations of paragraph 12 and therefore, denies those allegations.

13.     The Florida Defendants deny the allegations in paragraph 13 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 and therefore, denies those allegations.

14.     The Florida Defendants deny the allegations in paragraph 14 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 and therefore, denies those allegations.

15.     The Florida Defendants deny the allegations in paragraph 15 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15 and therefore, denies those allegations.

16.     The Florida Defendants admit that Neven Eyewear, LLC, a Florida limited liability company, owns U.S. trademark Reg. No. 6,330,350, which was registered on April 20, 2021. The Florida Defendants deny that the application for such registration was filed on March 1, 2020, and deny that the registration has a claimed first use in commerce date of August 30, 2020. The Florida Defendants deny that it is appropriate to refer to defendants named in this action in a collective manner, as doing so fails to provide defendants with fair notice of the allegations against each individual defendant. Except as heretofore admitted, the Florida Defendants deny the remaining allegations in paragraph 16 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16 and therefore, denies those allegations.

NEVEN EYEWEAR, LLC, A FLORIDA LIMITED LIABILITY COMPANY, AND JONATHAN STRAUSS'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS; Case No. 2:24-cv-00906-KS

5

17.     The Florida Defendants deny that it is appropriate to refer to defendants named in this action in a collective manner, as doing so fails to provide defendants with fair notice of the allegations against each individual defendant. The Florida Defendants deny the allegations in paragraph 17 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17 and therefore, denies those allegations.

18.     The Florida Defendants deny that it is appropriate to refer to defendants named in this action in a collective manner, as doing so fails to provide defendants with fair notice of the allegations against each individual defendant. The Florida Defendants deny the allegations in paragraph 18 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18 and therefore, denies those allegations.

19.     The Florida Defendants deny that it is appropriate to refer to defendants named in this action in a collective manner, as doing so fails to provide defendants with fair notice of the allegations against each individual defendant. The Florida Defendants admit that Robert Croteau, Esq. sent correspondence, purportedly on behalf of Plaintiff, to Mr. Strauss via email. The Florida Defendants deny that the Florida Defendants ignored all correspondence from Plaintiff regarding its alleged intellectual property rights. The Florida Defendants deny the remaining allegations in paragraph 19 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19 and therefore, denies those allegations.

20.     The Florida Defendants deny that it is appropriate to refer to defendants named in this action in a collective manner, as doing so fails to provide defendants with fair notice of the allegations against each individual defendant. The Florida

NEVEN EYEWEAR, LLC, A FLORIDA LIMITED LIABILITY COMPANY, AND JONATHAN STRAUSS'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS; Case No. 2:24-cv-00906-KS

6

Defendants deny that the Florida Defendants ignored Blenders' letters. The Florida Defendants admit that Neven Eyewear, LLC, a Florida limited liability company, filed U.S. trademark application Ser. Nos. 97802512 and 97865331. Except as heretofore admitted, the Florida Defendants deny the remaining allegations in paragraph 20 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20 and therefore, denies those allegations.

21.     The Florida Defendants deny that it is appropriate to refer to defendants named in this action in a collective manner, as doing so fails to provide defendants with fair notice of the allegations against each individual defendant. The Florida Defendants deny the allegations in paragraph 21 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21 and therefore, denies those allegations.

## **PARTIES**

22.     The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and therefore, denies those allegations.

23.     The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and therefore, denies those allegations.

24.     The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and therefore, denies those allegations.

25.     The Florida Defendants admit that Neven Eyewear LLC is a limited liability company organized and existing under the laws of the State of Florida.

NEVEN EYEWEAR, LLC, A FLORIDA LIMITED LIABILITY COMPANY, AND JONATHAN STRAUSS'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS; Case No. 2:24-cv-00906-KS

Except as heretofore admitted, the Florida Defendants deny the remaining allegations in paragraph 25.

26.    The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and therefore, denies those allegations.

27.    The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and therefore, denies those allegations.

28.    The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and therefore, denies those allegations.

29.    The Florida Defendants admit that Jonathan Strauss is a resident of the State of Florida and Chief Executive Officer of Neven Eyewear LLC, a Florida limited liability company. The Florida Defendants admit that Mr. Strauss is the signatory for U.S. trademark application Ser. Nos. 97802512 and 97865331. Except as heretofore admitted, the Florida Defendants deny the remaining allegations in paragraph 29.

30.    The Florida Defendants deny the allegations in paragraph 30 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 30 and therefore, denies those allegations.

31.    The Florida Defendants respond that the allegations contained in paragraph 31 do not require an admission or denial.

## JURISDICTION AND VENUE

32.    The Florida Defendants admit that Plaintiff purports to allege claims under the Lanham Act, California statutory law of unfair competition, and common law of the State of California but deny that those claims have merit. The Florida

NEVEN EYEWEAR, LLC, A FLORIDA LIMITED LIABILITY COMPANY, AND JONATHAN STRAUSS'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS; Case No. 2:24-cv-00906-KS

8

Defendants admit that this Court has subject matter jurisdiction over this action but deny that this action has merit.

33.    The Florida Defendants deny that it is appropriate to refer to defendants named in this action in a collective manner, as doing so fails to provide defendants with fair notice of the allegations against each individual defendant. For purposes of this action only, the Florida Defendants do not contest personal jurisdiction. The Florida Defendants deny the remaining allegations in paragraph 33 as to the Florida Defendants.

34.    The Florida Defendants deny the allegations in paragraph 34 as to the Florida Defendants.

35.    The Florida Defendants deny that it is appropriate to refer to defendants named in this action in a collective manner, as doing so fails to provide defendants with fair notice of the allegations against each individual defendant. For purposes of this action only, the Florida Defendants do not contest venue. The Florida Defendants deny the remaining allegations in paragraph 35 as to the Florida Defendants.

## **FACTS COMMON TO ALL CAUSES OF ACTION**

36.    The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and therefore, denies those allegations.

37.    The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 and therefore, denies those allegations.

38.    The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 and therefore, denies those allegations.

NEVEN EYEWEAR, LLC, A FLORIDA LIMITED LIABILITY COMPANY, AND JONATHAN STRAUSS'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS; Case No. 2:24-cv-00906-KS

9

39.     The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and therefore, denies those allegations.

40.     The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 and therefore, denies those allegations.

41.     The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 and therefore, denies those allegations.

42.     The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 and therefore, denies those allegations.

43.     The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 and therefore, denies those allegations.

44.     The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 and therefore, denies those allegations.

45.     The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 and therefore, denies those allegations.

46.     The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 and therefore, denies those allegations.

47.     The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 and therefore, denies those allegations.

NEVEN EYEWEAR, LLC, A FLORIDA LIMITED LIABILITY COMPANY, AND JONATHAN STRAUSS'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS; Case No. 2:24-cv-00906-KS

10

48.     The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 and therefore, denies those allegations.

49.     The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 and therefore, denies those allegations.

50.     The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 and therefore, denies those allegations.

51.     The Florida Defendants respond that the allegations contained in paragraph 51 do not require an admission or denial.

52.     To the extent paragraph 52 of the Complaint implicates legal conclusions, no response is required. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 52 and therefore, denies those allegations.

53.     The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 and therefore, denies those allegations.

54.     The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 and therefore, denies those allegations.

55.     The Florida Defendants deny that it is appropriate to refer to defendants named in this action in a collective manner, as doing so fails to provide defendants with fair notice of the allegations against each individual defendant. The Florida Defendants admit that Robert Croteau, Esq. sent a letter, purportedly on behalf of Plaintiff, via email on February 18, 2023, to Mr. Strauss. The Florida Defendants admit that Mr. Strauss, via email on March 24, 2023, offered to speak with Plaintiff's

NEVEN EYEWEAR, LLC, A FLORIDA LIMITED LIABILITY COMPANY, AND JONATHAN STRAUSS'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS; Case No. 2:24-cv-00906-KS

11

1    executives or business leaders. The Florida Defendants deny that the Florida

2    Defendants were under any obligation to respond to Mr. Croteau's communications.

3    Except as heretofore admitted, the Florida Defendants deny the remaining

4    allegations in paragraph 55 as to the Florida Defendants. The Florida Defendants are

5    without knowledge or information sufficient to form a belief as to the truth of the

6    remaining allegations of paragraph 55 and therefore, denies those allegations.

7         56.    The Florida Defendants admit Robert Croteau, Esq. sent a letter,

8    purportedly on behalf of Plaintiff, to Mr. Strauss, via email on October 19, 2023.

9    Except as heretofore admitted, the Florida Defendants deny the remaining

10   allegations in paragraph 56 as to the Florida Defendants. The Florida Defendants are

11   without knowledge or information sufficient to form a belief as to the truth of the

12   remaining allegations of paragraph 56 and therefore, denies those allegations.

13        57.    The Florida Defendants deny that it is appropriate to refer to defendants

14   named in this action in a collective manner, as doing so fails to provide defendants

15   with fair notice of the allegations against each individual defendant. The Florida

16   Defendants deny the allegations in paragraph 57 as to the Florida Defendants. The

17   Florida Defendants are without knowledge or information sufficient to form a belief

18   as to the truth of the remaining allegations of paragraph 57 and therefore, denies

19   those allegations.

20        58.    The Florida Defendants deny the allegations in paragraph 58 as to the

21   Florida Defendants. The Florida Defendants are without knowledge or information

22   sufficient to form a belief as to the truth of the remaining allegations of paragraph

23   58 and therefore, denies those allegations.

24        59.    The Florida Defendants deny the allegations in paragraph 59 as to the

25   Florida Defendants. The Florida Defendants are without knowledge or information

26   sufficient to form a belief as to the truth of the remaining allegations of paragraph

27   59 and therefore, denies those allegations.

28

NEVEN EYEWEAR, LLC, A FLORIDA LIMITED LIABILITY COMPANY, AND JONATHAN
STRAUSS'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS; Case No.
2:24-cv-00906-KS

12

60.    The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 and therefore, denies those allegations.

61.    The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 and therefore, denies those allegations.

## COUNT I

### Federal Trademark Infringement, 15 U.S.C. § 1114

62.    Answering paragraph 62, the Florida Defendants incorporate by reference each of the preceding paragraphs of this Answer as if fully set forth herein.

63.    The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 and therefore, denies those allegations.

64.    The Florida Defendants deny the allegations in paragraph 64 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 64 and therefore, denies those allegations.

65.    The Florida Defendants deny the allegations in paragraph 65 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 65 and therefore, denies those allegations.

66.    The Florida Defendants deny the allegations in paragraph 66 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 66 and therefore, denies those allegations.

NEVEN EYEWEAR, LLC, A FLORIDA LIMITED LIABILITY COMPANY, AND JONATHAN STRAUSS'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS; Case No. 2:24-cv-00906-KS

13

67.     The Florida Defendants deny the allegations in paragraph 67 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 67 and therefore, denies those allegations.

68.     The Florida Defendants deny the allegations in paragraph 68 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 68 and therefore, denies those allegations.

69.     The Florida Defendants deny the allegations in paragraph 69 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 69 and therefore, denies those allegations.

70.     The Florida Defendants deny the allegations in paragraph 70 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 70 and therefore, denies those allegations.

71.     The Florida Defendants deny the allegations in paragraph 71 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 71 and therefore, denies those allegations.

72.     The Florida Defendants deny the allegations in paragraph 72 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 72 and therefore, denies those allegations.

73.     The Florida Defendants deny the allegations in paragraph 73 as to the Florida Defendants. The Florida Defendants are without knowledge or information

NEVEN EYEWEAR, LLC, A FLORIDA LIMITED LIABILITY COMPANY, AND JONATHAN STRAUSS'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS; Case No. 2:24-cv-00906-KS

14

sufficient to form a belief as to the truth of the remaining allegations of paragraph 73 and therefore, denies those allegations.

## COUNT II

### Federal Unfair Competition, 15 U.S.C. § 1125(a)

74.     Answering paragraph 74, the Florida Defendants incorporate by reference each of the preceding paragraphs of this Answer as if fully set forth herein.

75.     The Florida Defendants deny the allegations in paragraph 75 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 75 and therefore, denies those allegations.

76.     The Florida Defendants deny the allegations in paragraph 76 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 76 and therefore, denies those allegations.

77.     The Florida Defendants deny the allegations in paragraph 77 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 77 and therefore, denies those allegations.

78.     The Florida Defendants deny the allegations in paragraph 78 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 78 and therefore, denies those allegations.

79.     The Florida Defendants deny the allegations in paragraph 79 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 79 and therefore, denies those allegations.

NEVEN EYEWEAR, LLC, A FLORIDA LIMITED LIABILITY COMPANY, AND JONATHAN STRAUSS'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS; Case No. 2:24-cv-00906-KS

15

80.    The Florida Defendants deny the allegations in paragraph 80 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 80 and therefore, denies those allegations.

81.    The Florida Defendants deny the allegations in paragraph 81 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 81 and therefore, denies those allegations.

82.    The Florida Defendants deny the allegations in paragraph 82 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 82 and therefore, denies those allegations.

83.    The Florida Defendants deny the allegations in paragraph 83 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 83 and therefore, denies those allegations.

## COUNT III

### State Unfair Competition, Cal. Bus. & Prof. Code § 17500

84.    Answering paragraph 84, the Florida Defendants incorporate by reference each of the preceding paragraphs of this Answer as if fully set forth herein.

85.    The Florida Defendants deny the allegations in paragraph 85 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 85 and therefore, denies those allegations.

86.    The Florida Defendants deny the allegations in paragraph 86 as to the Florida Defendants. The Florida Defendants are without knowledge or information

NEVEN EYEWEAR, LLC, A FLORIDA LIMITED LIABILITY COMPANY, AND JONATHAN STRAUSS'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS; Case No. 2:24-cv-00906-KS

16

1  sufficient to form a belief as to the truth of the remaining allegations of paragraph
2  86 and therefore, denies those allegations.

3      87.    The Florida Defendants deny the allegations in paragraph 87 as to the
4  Florida Defendants. The Florida Defendants are without knowledge or information
5  sufficient to form a belief as to the truth of the remaining allegations of paragraph
6  87 and therefore, denies those allegations.

7  ## COUNT IV

8  ## Common Law Trademark Infringement

9      88.    Answering paragraph 88, the Florida Defendants incorporate by
10  reference each of the preceding paragraphs of this Answer as if fully set forth herein.

11      89.    The Florida Defendants deny the allegations in paragraph 89 as to the
12  Florida Defendants. The Florida Defendants are without knowledge or information
13  sufficient to form a belief as to the truth of the remaining allegations of paragraph
14  89 and therefore, denies those allegations.

15      90.    The Florida Defendants deny the allegations in paragraph 90 as to the
16  Florida Defendants. The Florida Defendants are without knowledge or information
17  sufficient to form a belief as to the truth of the remaining allegations of paragraph
18  90 and therefore, denies those allegations.

19      91.    The Florida Defendants deny the allegations in paragraph 91 as to the
20  Florida Defendants. The Florida Defendants are without knowledge or information
21  sufficient to form a belief as to the truth of the remaining allegations of paragraph
22  91 and therefore, denies those allegations.

23      92.    The Florida Defendants deny the allegations in paragraph 92 as to the
24  Florida Defendants. The Florida Defendants are without knowledge or information
25  sufficient to form a belief as to the truth of the remaining allegations of paragraph
26  92 and therefore, denies those allegations.

27

28

NEVEN EYEWEAR, LLC, A FLORIDA LIMITED LIABILITY COMPANY, AND JONATHAN
STRAUSS'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS; Case No.
2:24-cv-00906-KS

17

93.     The Florida Defendants deny the allegations in paragraph 93 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 93 and therefore, denies those allegations.

94.     The Florida Defendants deny the allegations in paragraph 94 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 94 and therefore, denies those allegations.

## COUNT V

### Common Law Unfair Competition

95.     Answering paragraph 95, the Florida Defendants incorporate by reference each of the preceding paragraphs of this Answer as if fully set forth herein.

96.     The Florida Defendants deny the allegations in paragraph 96 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 96 and therefore, denies those allegations.

97.     The Florida Defendants deny the allegations in paragraph 97 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 97 and therefore, denies those allegations.

98.     The Florida Defendants deny the allegations in paragraph 98 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 98 and therefore, denies those allegations.

99.     The Florida Defendants deny the allegations in paragraph 99 as to the Florida Defendants. The Florida Defendants are without knowledge or information

NEVEN EYEWEAR, LLC, A FLORIDA LIMITED LIABILITY COMPANY, AND JONATHAN STRAUSS'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS; Case No. 2:24-cv-00906-KS

18

sufficient to form a belief as to the truth of the remaining allegations of paragraph 99 and therefore, denies those allegations.

100.   The Florida Defendants deny the allegations in paragraph 100 as to the Florida Defendants. The Florida Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 100 and therefore, denies those allegations.

## PRAYER FOR RELIEF

To the extent that a response to the prayer for relief is required, the Florida Defendants deny that Plaintiff is entitled to relief sought in paragraphs A through P of the prayer for relief or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the Florida Defendants assert the following affirmative and other defenses in response to allegations in the First Amended Complaint. The Florida Defendants expressly reserve the right to assert any other defenses that may now exist or in the future may be available based on discovery and further factual investigation of this case.

## FIRST AFFIRMATIVE DEFENSE
### (Trademark Invalidity)

Plaintiff's claims are barred, in whole or in part, because Plaintiff's 3-D logo mark is invalid because (i) it does not function as a mark separate from the Stripes and Circle Mark, (ii) the feature lacks secondary meaning, (iii) it is functional, and (iv) it was procured by fraud on the United States Patent & Trademark Office.

## SECOND AFFIRMATIVE DEFENSE
### (Inequitable Conduct, Unclean Hands, and Anti-Competitive Conduct)

NEVEN EYEWEAR, LLC, A FLORIDA LIMITED LIABILITY COMPANY, AND JONATHAN STRAUSS'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS; Case No. 2:24-cv-00906-KS

19

Plaintiff does not own a design patent, yet Plaintiff is attempting to preclude legitimate competition and monopolize the 3-D button logo. Defendant's goods are all clearly marked with its own trademarks, and Plaintiff's Complaint includes egregious, misleading, and frivolous accusations, including, without limitation the following: (i) image of design elements and products that do not encompass the BLENDERS Marks and are not part of this lawsuit (¶¶ 2-4, 15-18); (ii) allegations of "first use" (irrelevant because product designs are never inherently distinctive) and subsequent copying with an confuse consumers as to source (acknowledging other users, but incorrectly assuming there is an intent to confuse as to source) when in fact copying product designs is beneficial to competition (¶ 6); misleading images of only frontal view of generic shapes of sunglasses that do not show the brand names on the sides of the sunglasses (¶ 10); and knowingly false reckless allegations of "counterfeiting" (¶¶ 11, 65, 70, and 76). These overzealous allegations demonstrate that Plaintiff intends to unlawfully restrict competition in violation of antitrust laws. Without a patent, Plaintiff does not own a monopoly and cannot use this lawsuit to unlawfully restrict legitimate competition. Plaintiff has engaged in similar conduct against other innocent third parties.

### THIRD AFFIRMATIVE DEFENSE
### (Descriptive Ornamental Use)

Plaintiff's claims are barred, in whole or in part, because the 3-D button logo does not function as a trademark to identify a source but is merely a common circle design element. Without the Stripes and Circle Mark, the 3-D button logo has no protection under the trademark laws.

### FOURTH AFFIRMATIVE DEFENSE

NEVEN EYEWEAR, LLC, A FLORIDA LIMITED LIABILITY COMPANY, AND JONATHAN STRAUSS'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS; Case No. 2:24-cv-00906-KS

**(Reservation of Rights)**

Defendants reserve their rights to assert additional affirmative defenses.

## COUNTERCLAIMS

Neven Eyewear LLC a Florida limited liability company ("Counterclaimant") state and allege for its counterclaims against Blenders Eyewear, LLC's ("Counter-Defendant" or "Blenders") as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    Counterclaimant is a Florida limited liability company with a principal place of business in the State of Florida.

2.    Upon information and belief, Counter-Defendant is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 4683 Cass Street, San Diego, California 92109.

3.    This Court has jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331, 1367, 2201, and 2202.

4.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Counter-Defendant resides in this judicial district.

### FIRST COUNTERCLAIM

### (Cancellation of Trademark Reg. No. 7,189,644)

5.    Counterclaimant repeats and realleges the allegations of the foregoing paragraphs of the Counterclaim as is fully set forth herein.

6.    Upon information and belief, Blenders' purported rights to the "3-D Button Logo," as set forth in Exhibit F to the First Amended Complaint (*i.e.,* U.S. Reg. No. 7,189,644), are invalid because the asserted product-configuration trade dress design feature (i) does not function as a mark separate from the Stripes and Circle Mark, (ii) the feature lacks secondary meaning, (iii) it is functional, and (iv) it was procured by fraud on the United States Patent & Trademark Office.

NEVEN EYEWEAR, LLC, A FLORIDA LIMITED LIABILITY COMPANY, AND JONATHAN STRAUSS'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS; Case No. 2:24-cv-00906-KS

21

7.      Most common geometric shapes, such as circles, ovals, triangles, diamonds, or stars, when used as a background are not distinctive. Absent the Stripes and Circle Mark, the 3-D Button Logo is not distinctive and cannot function as a trademark as a matter of law. It is not a patent, and neither the shape nor the placement are distinctive. For this reason, the United States Patent & Trademark Office approved Counterclaimant's application for a trademark registration that included its own logo placed inside a circle on the upper right-hand corner of the sunglasses. There is no monopoly over the placement of a logo or a circular shape.

8.      The 3-D Button Logo does not function to identify a single source, and there is nothing to indicate that it has acquired secondary meaning. Consumers would not view the 3-D Button Logo and associate it with a single source. While sales success of the 3-D Button Logo can be evidence of secondary meaning, there is nothing probative of secondary meaning by simply showing the 3-D Button Logo is popular. But Blenders cannot even show that the 3-D Button Logo has gained any popularity or that any sales are attributable to the 3-D Button Logo. Moreover, Blenders has failed to engage in any advertising that demonstrates Blenders as the sole source of the 3-D Button Logo. In other words, there is no "look for" advertising. Simply put, Blenders has not undertaken the efforts to establish secondary meaning so that that, in the minds of the public, the primary significance of 3-D Button Logo is to identify Blenders. It does not function as a trademark.

9.      The 3-D Button Logo may be an attractive or appealing design feature that consumers enjoy. But consumer predisposition to equate the design feature with a single source does not exist as a matter of law. The reality is consumers are aware that, even the most unusual of product design features are intended not to identify source, but to render the product itself more useful or appealing. Consumers should not be deprived by the appealing nature of a product design. In the absence of a

1  design patent, Blenders cannot monopolize the 3-D Button Logo placement and
2  prevent legitimate competition in the marketplace.

3      10.    Blenders' anticompetitive and unfair business practices is evident based
4  on its fraudulent filing of the U.S. trademark Reg. No. 7,189,644, claiming that it
5  was the only company using a similar design feature. In a preliminary amendment
6  filing on January 31, 2023, Blenders through its counsel represented to the United
7  States Patent & Trademark Office that it was the only company using a 3-D Button
8  Logo design feature for the past five years. Blenders knew this representation was
9  false because just two-weeks prior on January 17, 2023, Blenders' counsel sent
10  Counterclaimant a cease-and-desist letter alleging that Counterclaimant's placement
11  design feature of its logo was infringing the 3-D Button Logo. In fact, according to
12  Counterclaimant's filing of its own application with the United States Patent &
13  Trademark Office, Counterclaimant has used its design feature with its logo since
14  2020, which means that Blenders' claim of exclusive and continuous use for five
15  years was false. Upon information and belief, Blenders is aware of other third parties
16  who have used a similar design feature, but Blenders fraudulently concealed those
17  third party uses from the United States Patent & Trademark Office.

18              **SECOND COUNTERCLAIM**
19          **(Declaratory Judgment of Non-Infringement)**

20      11.    Counterclaimant repeats and realleges the allegations of the foregoing
21  paragraphs of the Counterclaim as is fully set forth herein.

22      12.    Blenders has alleged in its First Amended Complaint that the
23  Counterclaimant infringes Blenders' rights to the BLENDERS Marks.

24      13.    On information and belief, Blenders' allegations that Counterclaimant
25  infringes Blenders' rights in the BLENDERS Marks are without merit.

26
27
28

NEVEN EYEWEAR, LLC, A FLORIDA LIMITED LIABILITY COMPANY, AND JONATHAN
STRAUSS'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS; Case No.
2:24-cv-00906-KS

14.     As a result of Blenders' allegations in the First Amended Complaint, a justiciable controversy has arisen regarding Counterclaimant's alleged infringement of Blenders' federal, state, and common law rights in the BLENDERS Marks.

15.     Counterclaimant is entitled to a declaratory judgment that it does not and has not infringed Blenders' rights in the BLENDERS Marks.

## **JURY DEMAND**

Pursuant to Local Rule 38-1, the Counterclaimant hereby demands a trial by jury on all claims so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, the Florida Defendants, having fully answered Plaintiff's/Counter-Defendant's First Amended Complaint, and Counterclaimant having alleged its Counterclaims, pray for relief as follows:

(a) That the Court deny all relief requested by Plaintiff in its First Amended Complaint;

(b) That the Court dismiss Plaintiff's First Amended Complaint with prejudice;

(c) That the Court issue an Order cancelling the 3-D Button Logo (*i.e.*, U.S. Reg. No. 7,189,644);

(d) That the Court declare that the Florida Defendants do not and have not infringed Blenders' rights in the BLENDERS Marks;

(e) That the Court enter judgment that the Florida Defendants are the prevailing party in this action;

(f) That the Court award the Florida Defendants their reasonable costs, expenses, and attorney fees and interest on those amounts; and

NEVEN EYEWEAR, LLC, A FLORIDA LIMITED LIABILITY COMPANY, AND JONATHAN STRAUSS'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS; Case No. 2:24-cv-00906-KS

(g) award any and all other relief that is allowed by law or otherwise just, appropriate, necessary, or proper.

Dated: May 10, 2024

By: */s/Scott P. Shaw*
Scott P. Shaw (SBN 223592)
sshaw@merchantgould.com
MERCHANT & GOULD P.C.
8383 Wilshire Blvd., Suite 935
Beverly Hills, California 90211
Telephone: (949) 330-0202
Facsimile: (612) 332-9081

*Counsel for Neven Eyewear, LLC (FL) and Jonathan Strauss*

NEVEN EYEWEAR, LLC, A FLORIDA LIMITED LIABILITY COMPANY, AND JONATHAN STRAUSS'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS; Case No. 2:24-cv-00906-KS

25